UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) Case No. 1:05-cv-89 ) |
| WANN FUNERAL HOME, INC., JOHN HARGIS, and JADA HARGIS, | ) Judge Mattice ) ) |
| *Defendants*. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff State Automobile Mutual Insurance Company brings this action seeking a declaration of its rights and duties under four commercial general liability insurance policies issued to Defendant Wann Funeral Home, Inc. ("Wann") and involving John and Jada Hargis.

After carefully reviewing the record, the Court **DECLINES** to exercise jurisdiction over the instant action.

**I. FACTS AND PROCEDURAL POSTURE**

Plaintiff is an insurance company organized under the laws of Ohio with its principal place of business in Ohio. (Court Doc. No. 1-1, Compl. ¶ 3.) Defendant Wann is incorporated in Tennessee with its principal place of business in Tennessee. (*Id.* ¶ 4.) Defendants John and Jada Hargis are citizens of Tennessee. (*Id.* ¶¶ 5-6.)

Plaintiff issued to Defendant Wann four commercial general liability insurance policies. (*Id.* ¶ 8.) These insurance contracts extended liability coverage for Defendant Wann's business operations. (*Id.* ¶ 8; *id.* Exs. 1-4.)

Defendant Wann is one of the many funeral homes implicated in the widely-publicized Tri-State Crematory matter. It is a named defendant in *Walker County v. Tri-State Crematory*, No. 05CV66911 (Ga. Super. Ct. filed Sept. 23, 2004). (*Id.* ¶ 9; *id.* Ex. 5.) In that state civil matter, Walker County, Georgia, asserts various regulatory, nuisance, negligence, and vicarious liability claims against, *inter alia*, Defendants to recover costs associated with the Tri-State Crematory remediation efforts. (*Id.* Ex. 5.) It is this state litigation that underlies the instant action for declaratory judgment.[1] (*Id.* ¶ 9.)

In the course of the underlying state court litigation, Plaintiff and Defendants came to a disagreement over the extent of coverage provided by the commercial general liability insurance policies issued by Plaintiff. Defendants argue that the four insurance contracts require Plaintiff to defend and indemnify Defendants in the underlying action. (*Id.* ¶ 21.) Plaintiff denies that it owes Defendants any such duties to defend or indemnify, but continues to provide for Defendants' defense under a reservation of rights. (*Id.* ¶ 22.) Plaintiff is not a named party in the underlying state court litigation. (*Id.* Ex. 5.)

In an attempt to determine its duties under the insurance contracts, Plaintiff filed the instant action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and Federal Rule of Civil Procedure 57. In its Complaint for Declaratory Judgment, Plaintiff sets forth several grounds in support of its claim that it is not under a duty to defend or indemnify Defendants. (Compl. ¶¶ 25-69.) Plaintiff contends that the insurance contracts do not

---

[1] The Court notes that the complaint in *Walker County* was dismissed with prejudice on March 23, 2006, for failure to state a claim upon which relief may be granted. *Walker County v. Tri-State Crematory*, No. 05CV66911, slip op. at 3 (Ga. Super. Ct. Mar. 23, 2006). The Court further notes that the plaintiff in *Walker County* has since appealed the trial court's dismissal of the complaint, and such appeal currently is pending before the Court of Appeals of Georgia. Under the circumstances, the Court will treat this underlying case as ongoing.

cover the causes of action or damages alleged in the underlying state litigation, that specific exclusions negate what would otherwise be covered, and that the allegations in the underlying state litigation occurred outside the effective dates of coverage. (*Id.*)

## II.   ANALYSIS

Plaintiff seeks a judgment in the instant action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. The Declaratory Judgment Act grants district courts discretionary jurisdiction over actions within its purview. § 2201 (providing that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration" (emphasis added)); *Bituminous Cas. Corp. v. J&L Lumber Co.*, 373 F.3d 807, 812 (6th Cir. 2004) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942)). This statutory discretion is broad, but not unbounded. The Sixth Circuit provides specific guidance to district courts faced with the decision of whether to hear a declaratory judgment claim. The Sixth Circuit has directed district courts to consider the following:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata[";] (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). Each *Grand Trunk* factor is considered in turn.

**A. Whether the declaratory action would settle the controversy**

The controversy in the instant action is one of insurance coverage. Plaintiff seeks a declaration that it has no duty to defend or indemnify Defendants in the underlying state court action.

In one sense, a declaration of Plaintiff's duties would help to settle controversy: the issue of coverage would be put to rest. In another sense, however, controversy would persist. A declaration of Plaintiff's duties under the insurance contract would not address any matter currently at issue in the underlying state court proceeding, since Plaintiff is not a party to the state court litigation. Ultimately, regardless of this Court's determination regarding indemnification, the issues currently before the state court will remain in contention. Thus, the first *Grand Trunk* factor weighs in favor of declining to exercise jurisdiction in this case. *See U.S. Fire Ins. Co. v. Albex Aluminum, Inc.*, 161 Fed. App'x 562, 564-65, 2006 WL 41185, at *3 (6th Cir. Jan. 6, 2006) (per curiam) (upholding a finding that the first *Grand Trunk* factor was not met when the declaratory judgment would not address anything at issue in the underlying state court litigation); *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 278 (6th Cir. 1990) (holding that the first *Grand Trunk* factor was not met in a situation in which the insurer was not a named party in the underlying state court litigation against the insured), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995).

**B. Whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue**

Similarly, a declaratory judgment would make clear the legal relationship between the Plaintiff and the Defendants in this action. A judgment in the instant case, however,

would not tend to clarify the legal relationships currently at issue in the underlying state action, as Plaintiff is not a party to that litigation. *See U.S. Fire Ins. Co.*, 161 Fed. App'x at 565, 2006 WL 41185, at *3 (upholding a finding that the second *Grand Trunk* factor was not met when the plaintiff's declaratory judgment action raised only issues of indemnity, which were not at issue in the underlying state court litigation). The Sixth Circuit has "repeatedly held in insurance coverage diversity cases that 'declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court.' " *Bituminous Cas. Corp. v. J&L Lumber Co.*, 373 F.3d 807, 812 (6th Cir. 2004) (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 1986)). Thus, because a declaration by this Court of Plaintiff's duties would do little to clarify the issues in the underlying state action, the second *Grand Trunk* factor weighs in favor of declining to exercise jurisdiction in this case.

### C. Whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for *res judicata*

Plaintiff's pleadings do not suggest that it is seeking a procedural advantage or acting in bad faith. Courts, however, have inferred motives of procedural fencing in similar situations. The mere fact that the issue of indemnification will eventually surface in the underlying state court litigation, coupled with the insurer's choice to seek an advanced judgment on the issue, is enough to infer that the plaintiff is attempting to advantage itself procedurally. *U.S. Fire Ins. Co.*, 161 Fed. App'x at 565, 2006 WL 41185, at *4. In this case, the Court is not willing to infer that Plaintiff is acting solely for its procedural gain, but finds that the third *Grand Trunk* factor weighs neither in favor of exercising nor in favor of declining to exercise jurisdiction in this case.

-5-

**D. Whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction**

To aid in the analysis of whether a declaratory action would increase friction between federal and state courts, the Sixth Circuit has outlined three sub-factors to consider:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Bituminous Cas. Corp.*, 373 F.3d at 814-15 (quoting *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)).

In this instance, the underlying factual issues are important to the resolution of this case. *See State Auto. Mut. Ins. Co. v. Turner Funeral Home, Inc.*, No. 1:05-CV-61, 2006 WL 686872, at *4 (E.D. Tenn. Mar. 13, 2006). Further, the state court is in a better position to evaluate those factual issues than is this Court since the state court has entertained the underlying litigation since September 2004. In the course of the underlying litigation, the state court will address the factual issues; for this Court to likewise do so would increase friction between federal and state courts. *See id.* at *5; *Ohio Cas. Ins. Co. v. Kentucky*, No. 4:05CV-085-M, 2005 WL 2656745, at *3 (W.D. Ky. Oct. 17, 2005). In addition, this case was brought pursuant to the Court's diversity jurisdiction, and neither federal common law nor federal statutory law will dictate the resolution of this action. *See Bituminous Cas.*

*Corp.*, 373 F.3d at 816; *Progressive Cas. Ins. Co. v. Franklin*, No. Civ.A.1:05CV-65-M, 2005 WL 1935675, at *3 (W.D. Ky. Aug. 8, 2005).

Thus, because the state court is in the best position to determine the facts at issue in the underlying case, the determination of the facts at issue will play a large role in determining the outcome of this case, and no federal law will dictate the result in this case or the underlying case, the fourth *Grand Trunk* factor weighs in favor of declining to exercise jurisdiction in this case.

### E. Whether there is an alternative remedy which is better or more effective

Plaintiff can pursue alternative and preferable remedies. In this instance, Plaintiff could seek a declaration of its duties in the Georgia state court in which the underlying action is pending. Ga. Code Ann. §§ 9-4-1 to 9-4-10. The Sixth Circuit has previously stated that "actions for an advance determination . . . should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem." *Manley, Bennett, McDonald & Co.*, 791 F.2d at 463. Thus, the fifth *Grand Trunk* factor weighs in favor of declining to exercise jurisdiction in this case.

### III. CONCLUSION

After considering each *Grand Trunk* factor individually, and weighing them as a whole, the Court **DECLINES** to exercise jurisdiction over Plaintiff's declaratory judgment action. Accordingly, Plaintiff's complaint for declaratory judgment is **DISMISSED WITHOUT PREJUDICE**.

The Clerk shall close the file in this case.

SO ORDERED this 30th day of May, 2006.

                                              *s/ Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                         UNITED STATES DISTRICT JUDGE